John P. Margiotta (jmargiotta@fzlz.com)
Emily Weiss (eweiss@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square
New York, NY 10036
(212) 813-5900

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL WELLINGTON AB, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| OVERSTOCK.COM, INC., | **COMPLAINT** |
| | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

Plaintiff Daniel Wellington AB ("DW" or "Plaintiff"), for its Complaint against defendant

Overstock.com, Inc. ("Overstock" or "Defendant"), alleges as follows:

## SUBSTANCE OF THE ACTION

1.      All of the claims asserted herein arise out of and are based on Defendant's

unlawful promotion, distribution, offering for sale, and sale of counterfeit DANIEL

WELLINGTON brand watches.

2.      DW brings claims for counterfeiting and trademark infringement under Section

32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C.

§ 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

related claims of trademark infringement and unfair competition under New York state law.  DW

seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to

Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b)

of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b).  The Court has supplemental jurisdiction

over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

4.     This Court has personal jurisdiction over Defendant under New York Civil

Practice Law and Rules §§ 301 and/or 302(a) because, on information and belief, (i) Defendant

continuously and systematically conducts, transacts, and solicits business in this district, and/or

(ii) because Defendant offers its products for sale on the internet to consumers in New York and

facilitates purchase of its products by consumers in New York, and because Defendant ships and

sells products in and to New York.  Moreover, Defendant shipped certain of the watches that are

the subject of this lawsuit from a New York address and sold all of the watches that are the

subject of this lawsuit to a New York resident and shipped such watches to New York.

5.     Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial

Code, 28 U.S.C. §§ 1391(b) and (c), because Defendant is subject to personal jurisdiction in this

district due to its transaction of business herein, and because a substantial portion of the events at

issue have arisen and will arise in this judicial district and Plaintiff is suffering harm in this

district.

## THE PARTIES

6.     Plaintiff Daniel Wellington AB is a joint stock company organized and existing

under the laws of Sweden, having a principal place of business at Vasagatan 12, 111 20,

Stockholm, Sweden.

{F2676130.2 }

7.      Upon information and belief, Defendant Overstock.com, Inc. is a limited liability company organized and existing under the laws of the State of Utah, with an address of 799 West Coliseum Way, Midvale, Utah 84047.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.**      **DW's Business and the DANIEL WELLINGTON Mark**

8.      DW, founded in 2011 by Swedish national Filip Tysander, is a well-known watch manufacturer, supplier, and retailer.  Mr. Tysander created DW to provide everyday watches that are effortlessly cool and classic.

9.      DANIEL WELLINGTON brand watches are known for combining preppy style with sleek minimalism.  Today, DW offers several models of DANIEL WELLINGTON brand watches, as well as watch straps and other accessories.  DANIEL WELLINGTON brand watches are sold in retailers throughout the United States, including at DW stores, Bloomingdale's, and Lord & Taylor, and on DW's website, located at *www.danielwellington.com*.

10.      DW extensively advertises DANIEL WELLINGTON brand watches.  DW is known for its non-traditional advertising.  Specifically, DW works with thousands of celebrities, bloggers, and other social media influencers, who wear and post about DANIEL WELLINGTON brand watches on social media, thus exposing the watches to their millions of fans and followers.  DW also advertises its watches through its own social media accounts, which reach millions of consumers.  DW's Instagram account alone has over 4.2 million followers.

11.      DW's distinguished design and immense popularity among internet-savvy youthful consumers has propelled the DANIEL WELLINGTON brand to what the media has described as a "watch empire."  DW sells millions of dollars of products under the DANIEL WELLINGTON mark each year.  Numerous press articles have chronicled the impressive rise of

3

the DANIEL WELLINGTON brand, noting that DW sells more watches than many other well-known watch companies.  Indeed, DANIEL WELLINGTON brand watches have become so ubiquitous that they have been referred to as *the* watch of this decade.

12.     Through DW's significant investment of time, money, and effort to promote DANIEL WELLINGTON brand watches and its widespread sales of such watches, the DANIEL WELLINGTON mark has become well-known to consumers as identifying and distinguishing the source of DW's products and services exclusively and uniquely.  As a result, the DANIEL WELLINGTON mark has come to represent enormous goodwill.

13.     In addition to DW's extensive and strong common law rights in the DANIEL WELLINGTON trademark that have resulted from extensive advertising and sales, DW owns the following U.S. trademark registrations:

- U.S. Registration No. 4,386,043 for the DANIEL WELLINGTON mark for use in connection with, *inter alia*, "watch straps; jewelry; cloisonné jewelry; jewelry of amber; alarm clocks; horological instruments; clock hands; clocks; watches; wrist watch bands; watch straps; dials for clockmaking and watchmaking; clockworks; chronographs for use as watches; cases for clock and watch making; clocks; movements for clocks and watches" in International Class 14; and

- U.S. Registration No. 4,948,629 for the DW DANIEL WELLINGTON mark for use in connection with, *inter alia*, "watches, watch straps; jewelry; cases for clocks and watches" in International Class 14.

14.     Printouts detailing the registration information for the above marks are attached hereto as **Exhibit A**.  These registrations are valid, subsisting, and in full force and effect.

4

**B.    Defendant's Unlawful Conduct**

15.    Overstock is in the business of offering for sale and selling various brand-name items and accessories, such as watches, jewelry, bags, shoes, sunglasses, and furniture. Overstock sells its products through its website located at *www.overstock.com*.  On information and belief, Overstock has advertised, offered for sale, sold, distributed, imported, and/or exported counterfeit DANIEL WELLINGTON watches.

16.    Specifically, DW's agent purchased several DANIEL WELLINGTON brand watches from Overstock that were advertised on Overstock's website in a manner that indicated they were authentic.  The watches, however, were not authentic DANIEL WELLINGTON watches, but complete counterfeits.

17.    On information and belief, Overstock has sold counterfeit DANIEL WELLINGTON watches to customers other than DW's agent.

18.    Overstock is not related to or affiliated with DW in any way.  Overstock has not sought or received a license or authorization from DW for any purpose whatsoever, including for the acts described herein.

19.    Overstock's counterfeit DANIEL WELLINGTON watches directly compete with DW's genuine products.

20.    Overstock's sale of counterfeit products unlawfully wrests from DW control over its reputation and, upon information and belief, is unjustly enriching Overstock.

21.    Overstock's unauthorized acts as described herein have caused and will continue to cause irreparable damage to DW and its business and goodwill unless restrained by this Court.

{F2676130.2 }

**FIRST CLAIM FOR RELIEF:**
**COUNTERFEITING AND TRADEMARK INFRINGEMENT**
**IN VIOLATION OF 15 U.S.C. § 1114(1)**

22.    Plaintiff repeats and incorporates herein by reference each of the foregoing allegations.

23.    Through extensive advertising and sales of DANIEL WELLINGTON brand products, DW's federally registered DANIEL WELLINGTON mark has become well-known among consumers.  DW has established a strong reputation and substantial goodwill by reason of the success and reputation of goods sold under the DANIEL WELLINGTON mark, immediately indicating to consumers that products featuring such mark originate from DW.

24.    Without DW's authorization or license, and, upon information and belief, with knowledge of DW's prior rights in the DANIEL WELLINGTON mark, Defendant has advertised, offered for sale, sold, distributed, imported, and/or exported counterfeit DANIEL WELLINGTON watches under and/or bearing the following marks, or marks highly similar thereto:  U.S. Registration No. 4,386,043 for the DANIEL WELLINGTON mark and U.S. Registration No. 4,948,629 for the DW DANIEL WELLINGTON mark.

25.    Upon information and belief, by virtue of DW's extensive and ongoing use and advertising of the DANIEL WELLINGTON mark, Defendant was on actual notice of DW's exclusive rights in its DANIEL WELLINGTON mark.  In addition, DW's federal registrations put Defendant on constructive notice of DW's exclusive rights in the DANIEL WELLINGTON mark.

26.    Defendant's advertisement, offering for sale, sale, distribution, import, and/or export of counterfeit DANIEL WELLINGTON watches under and/or bearing trademarks that are identical or highly similar to the DANIEL WELLINGTON mark is likely to cause confusion,

{F2676130.2 }

mistake, or deception as to the source or sponsorship of Defendant's goods. As a result of Defendant's unauthorized use of DW's federally registered trademarks, and/or trademarks that are identical or highly similar to DW's federally registered trademarks, the public is likely to believe that Defendant's goods have been manufactured and/or approved by DW. Such use falsely represents Defendant as being legitimately connected with and/or authorized by DW, and places beyond DW's control its own reputation and ability to control the use of the DANIEL WELLINGTON mark and the quality of the products bearing those marks.

27.     Defendant's infringement of the DANIEL WELLINGTON mark is willful, intended to reap the benefit of the goodwill of DW, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

28.     Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, DW to sustain irreparable damage, loss, and injury, for which DW has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF:
## UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

29.     Plaintiff repeats and incorporates herein by reference each of the foregoing allegations.

30.     The DANIEL WELLINGTON mark is distinctive and of incalculable value, and is associated in the public mind with DW and its goods and services.

31.     Without DW's authorization or license and, upon information and belief, with knowledge of DW's prior rights in the DANIEL WELLINGTON mark, Defendant advertised, offered for sale, sold, distributed, imported, and/or exported counterfeit products under and/or bearing the DANIEL WELLINGTON mark.

{F2676130.2 }

32.     Defendant's conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and DW, and/or as to DW's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

33.     As a result of the foregoing, Defendant has falsely designated the origin of its products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

35.     Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, DW to sustain irreparable damage, loss, and injury, for which DW has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**
**COMMON LAW TRADEMARK INFRINGEMENT**

36.     Plaintiff repeats and incorporates herein by reference each of the foregoing allegations.

37.     Defendant's aforesaid conduct constitutes common law trademark infringement under the common law of the State of New York.

38.     Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, DW to sustain irreparable damage, loss, and injury, for which DW has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF:**
**COMMON LAW UNFAIR COMPETITION**

39.     Plaintiff repeats and incorporates herein by reference each of the foregoing allegations.

40.     Defendant's aforesaid conduct constitutes common law unfair competition with DW under the common law of the State of New York.

8

41.     Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, DW to sustain irreparable damage, loss, and injury, for which DW has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.     Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, from:

(a)     using any of DW's trademarks, including but not limited to those identified in the Complaint above, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of DW's trademarks in or as part of any mark or logo or otherwise on or in connection with any goods or on or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of any goods;

(b)     using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with DW or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with DW, is a genuine product of DW, or is authorized, licensed, sponsored, or otherwise approved by DW;

(c)     engaging in any other activity constituting unfair competition with DW, or constituting an infringement of DW's trademarks or trade names; and

(d)     assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(c) above, inclusive.

2.     Directing that Defendant turn over to DW for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that

{F2676130.2 }

violate the provisions of paragraphs 1(a)-(c) above, along with all articles by means of which such unauthorized copies may be reproduced.

3.      Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, consumers, or others to whom it has distributed materials that violate the provisions of paragraph 1(a)-(c) above, and that Defendant deliver up to DW for destruction all materials returned to it.

4.      Directing that Defendant provide DW with the names, addresses, and all other contact information in its possession (*e.g.*, telephone numbers, fax numbers) for the sources of all products that bear or include counterfeits or copies of any of DW's trademarks or that otherwise are intended to copy DW's products, including all manufacturers, distributors, and/or suppliers.

5.      Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon DW, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

6.      Granting DW all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and, in connection with DW's claims under the Lanham Act, that such sums be trebled or, if DW elects, statutory damages as the Court considers just, of up to $2,000,000 per counterfeit mark per type of good or service sold, offered for sale, or distributed, as provided by 15 U.S.C. §§ 1117(b) & (c).

7.      Granting DW all the gains, profits, savings, and advantages realized by Defendant from its unlawful actions described above.

8.      Granting DW punitive damages.

{F2676130.2 }

9.      Granting DW its full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

10.     Granting DW both pre-judgment and post-judgment interest on each and every monetary award.

11.     Granting DW such other and further relief as the Court may consider equitable, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

Dated:  August 7, 2018                    FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By _____
John P. Margiotta
Emily Weiss
4 Times Square
New York, New York 10036
Tel: (212) 813-5900
*jmargiotta@fzlz.com*
*eweiss@fzlz.com*

*Attorneys for Plaintiff*

{F2676130.2 }